Mr. Ingersoll, *pro quer.* Mr. T. Ross, *pro def.*

———————•◆◆•———————

SAMUEL EMLEN'S executors *against* JOHN BOGG'S administrators.

A., mortgages certain lands to B.,and afterwards conveys part thereof to C.,and covenants against the mortgage; if the whole of the lands are sold by the sheriff on the mortgage, the vendees of C., are entitled to the surplus, after paying the mortgage and cost provided it does not surmount the real damages sustained.

THIS came before the court on the following case stated. On the 20th February 1758, John Boggs and Margaret his wife mortgaged 218 acres of land in Willistown township, Chester county, to Samuel Emlen, to secure the payment of 292*l.* and interest thereon.

On the 4th June 1766, the said Boggs and wife, in consideration of 127*l.* 4*s.* 4d., conveyed 42 acres and 65 perches, part of the lands thus mortgaged, to David Jones, and covenanted in the deed against Emlen's mortgage.

On the 26th April 1787, at a court of Nisi Prius at West Chester, the plaintiffs recovered a verdict for 477*l.* 11*s.* 9*d.*, and the whole of the mortgaged premises were afterwards sold on a *levari facias*, issued on the judgment, returnable to April term 1788, by Ezekiel Leonard, Esq., sheriff, for the sum of 580*l.*

On the 1st November 1789, James Massey recovered a judgment in the Court of Common Pleas of Chester county, against the defendants, as administrators, for 30*l.* and interest from 7th January 1775. Letters of administration, on the estate of John Boggs, were duly issued to Elizabeth Boggs and Joseph Boggs on 7th January 1775. The question was, whether the surplus of the money arising from the sheriff's sale of the mortgaged premises,

should be first applied to the payment of Massey's judgment, or whether it should go to those who purchased and held the 42 acres and 75 perches of land under David Jones, at the time of the sheriff's sale as aforesaid?

The point was submitted to the court's opinion by Mr. T. Ross for the vendees of Jones, and Mr. D. Moore for Massey, without argument.

The court said there could be no difficulty in declaring, that Massey's judgment could not operate as a lien on the lands, which had been sold by due course of law eighteen months and more before it was obtained.

Jones and his assigns were vested with a good title to the lands which were conveyed to him, but incumbered with the mortgage before executed. The creditors of Boggs could not take the 42 acres and 65 perches in execution, under judgments subsequent to the conveyance. The surplus money is much less than the consideration money paid by Jones, consequently he and his vendees must stand in the place of Boggs and his administrators, and be entitled to receive such surplus money from the sheriff, after deducting the costs.